IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-271-FL-3
5:12-CV-725-FL

| | |
|---|---|
| JOSAND FARMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | (CORRECTED) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 181), motion for discovery (DE 191), motion to appoint counsel (DE 192), and motion for recusal (DE 201). Also before the court is the motion to dismiss (DE 187) filed by respondent the United States of America, which was fully briefed. Respondent, however, did not respond to petitioner's motions. In this posture, these matters are ripe for ruling. For the reasons that follow, the court denies respondent's motion to dismiss and denies petitioner's motions.

**STATEMENT OF THE CASE**

On August 4, 2010, petitioner was indicted on multiple drug charges. On March 24, 2011, a jury found petitioner guilty of one count of participating in a conspiracy to distribute and possess with the intent to distribute fifty (50) grams or more of cocaine base, one kilogram or more of phencyclidine (PCP) and a quantity of 3, 4, methylenedioxymethamphetamine in violation of 21 U.S.C. § 846 and two counts of distributing cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1).

On September 26, 2011, the court sentenced petitioner to concurrent terms of three hundred sixty (360) months imprisonment as to each count, and consecutive ten (10) year terms of supervised release for each count. The court also ordered petitioner to pay a special assessment of three hundred dollars ($300.00). Petitioner subsequently appealed his conviction, and the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence.

On November 5, 2012, petitioner filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging the following claims: (1) the prosecutor committed fraud and false testimony; (2) trial counsel was ineffective in not detecting the fraud; (3) trial counsel was ineffective in his tactics and advice; and (4) appellate counsel was ineffective in not presenting petitioner's fraud and false testimony claims on appeal.

On December 17, 2012, respondent filed a motion to dismiss arguing that petitioner failed to state a claim upon which relief may be granted. On December 31, 2012, petitioner responded in opposition. Petitioner subsequently filed a motion for discovery, a motion to appoint counsel, and a motion requesting the recusal of the undersigned.

## DISCUSSION

A. Motion to Appoint Counsel

There is no constitutional right to counsel in § 2255 cases. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Smith v. Clerk's Office, United States Courthouse, 194 F.3d 1305, *1 (4th Cir. Sept. 24, 1999). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so requires and the petitioner is financially unable to obtain representation. The request in this case has been reviewed

and the court finds that this case does not presently require appointment of counsel. Therefore, the motion for appointment of counsel is DENIED.

B.     Motion to Compel

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery." Rules Governing § 2255 Cases, Rule 6(a). "A party requesting discovery must provide reasons for the request." Id., Rule 6(b); see Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009); United States v. Williams, 892 F.2d 75, *3 (4th Cir. Dec. 11, 1989) (finding the district court did not abuse its discretion in refusing to supply the petitioner with the requested discovery material because he failed to demonstrate a particularized need). In this case, petitioner has not established good cause for the discovery materials he requests. Therefore, petitioner's motion is DENIED.

C.     Motion for Recusal

Petitioner requests that the undersigned recuse herself from this case pursuant to 28 U.S.C. § 144, arguing that the undersigned has shown bias against petitioner in the course of his criminal trial and § 2255 proceedings. Section 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. The affidavit must be timely and must be accompanied by a certificate of counsel of record stating that it is made in good faith. Id.

3

The court first addresses the timeliness of petitioner's motion for recusal. To be timely, a recusal motion must be made at the "first opportunity after discovery of the facts tending to prove disqualification." Shine v. Local No. 992 Int'l Brotherhood of Teamsters, 882 F.2d 913, 915 (4th Cir. 1989). Here, petitioner did not make his recusal motion at the "first opportunity," because he did not raise his allegations of bias in the course of his criminal trial until almost one year after the court entered judgment in his criminal action. Accordingly, the court finds petitioner's motion for recusal to be untimely.

In addition to being untimely, petitioner did not file the appropriate certificate of counsel. Some courts have held that a pro se party cannot in any circumstances bring a § 144 affidavit without a certificate of "good faith" signed by a member of the bar. See, e.g., Mathis v. Goldberg, No. DKC 12-1777, 2013 WL 1232898, at *1 (D. Md. Mar. 25, 2013); United States v. Rankin, 1 F. Supp. 2d 445, 450 (E.D. Pa. 1998), aff'd, 185 F.3d 863 (3d Cir. June 21, 1999); Robinson v. Gregory, 929 F. Supp. 334, 338 (S.D. Ind. 1996). Others have found justifications for addressing the merits of a pro se § 144 motion even absent the certificate of counsel. See, e.g., Cohee v. McDade, 472 F. Supp. 2d 1082, 1083-84 (S.D. Ill. 2006) (construing the affidavit as a motion brought under 28 U.S.C. § 455, which does not contain the requirement of a certificate of counsel); Williams v. New York City Hous. Auth., 287 F. Supp. 2d 247 (S.D.N.Y. 2003) (noting the insufficiency of the pro se movant's affidavit where it lacked the certificate of counsel, but addressing the movant's arguments). Although it appears that the plain language of the statute justifies summarily denying plaintiff's motion, the court will take the latter approach and address the merits of plaintiff's arguments in light of "the liberality to be afforded pro se litigants." See Carter v. Hutto, 781 F.2d 1028, 1031 (4th Cir. 1986).

4

"A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged." Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989). For recusal to be mandated, "[t]he alleged bias must . . . be personal, as distinguished from judicial, in nature." United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984). In other words, no recusal is warranted if the alleged bias is "merely based upon the judge's rulings in the instant case or related cases . . . ." Id. (internal quotation marks omitted); see also, Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.")

Here, petitioner's allegations in this case are premised on the undersigned's rulings in petitioner's criminal proceedings. As such, the alleged impartiality is not from an extrajudicial source. Therefore, petitioner's motion for recusal is DENIED.

D.      Motion to Dismiss

        1.      Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even

5

if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

2. Analysis

Respondent argues in its motion to dismiss that petitioner failed to state a claim upon which relief may be granted. However, respondent's supporting memorandum does not present specific arguments as to each of petitioner's claims. For instance, respondent's motion states in pertinent part:

> Some of the issues presented by petitioner were, in fact, raised at the trial, including various motions on evidentiary issues as well as motions to dismiss following the trial. Further, petitioner did raise some evidentiary issues in his direct appeal. All of those issues which petitioner raised at the trial and appellate level were denied. To the extent that petitioner did not bring some or all of the present claimed errors before the trial court or before the appellate court, he has procedurally defaulted. Bousley v. United States, 523 U.S. 614 (1998); see also Stone v. Powell, 428 U.S. 465 (1976). To prevail on any of his claims, including any upon which he might have procedurally defaulted, even issues of a constitutional dimension, the Supreme Court, in Bousley, clearly requires that the petitioner show "cause" and then "prejudice". See also United States v. Frady, 456 U.S. 152 (1982).
>
> On many of the claims, petitioner tries to couch his assertions in terms of ineffectiveness of counsel. However, petitioner cannot in any manner evidence where his attorneys failed to meet the objective standard of reasonableness of representation. Petitioner has completely failed to show that the action and litigation by his trial counsel or his appellate counsel was objectively below reasonable standards. Further, in none of the complaints has the petitioner even come close to meeting his burden of showing that the outcome or result of his conviction would have been different but for the alleged

6

errors of his counsel. See Strickland v. Washington, 466 U.S. 668 (1984).

Resp't's Mot. to Dismiss pp. 2-3.

The Federal Rules of Civil Procedure require respondent to "state with particularity the grounds for seeking the order . . . ." Fed. R. Civ. P. 7(b)(1)(B). This court's local rules similarly require that "all motions made other than in a hearing or trial shall be filed with the accompanying supporting memorandum . . . [which] shall contain . . . the argument . . . relating to the matter before the court for ruling . . . ." Local Civil Rule 7.2(a)(3). Failure to present specific argument in support of a motion to dismiss can result in a denial of the motion. See, e.g., SecureInfo Corp. v. Telos Corp., 387 F. Supp. 2d 593, 597 n. 1 (E.D. Va. 2005) ("Despite the title of . . . [d]efendants' motion, they present no argument in favor of dismissing Count XI. Consequently, the Court denies Defendants' motion to dismiss Count XI because no basis is provided for the motion."). Here, respondent has not complied with the applicable Federal or Local rules in that it has failed to state with particularity the grounds for seeking dismissal of petitioner's § 2255 petition. Rather, respondent provides vague and elusive references to petitioner's claims and makes conclusory arguments for dismissal.

To promote efficiency in case advancement, the court will permit respondent 21 days from date of this order within which to supplement its arguments in accordance with this order. If 21 days elapses with no supplement being made, the court summarily will deny respondent's motion to dismiss. If supplement timely is received, petitioner shall have 21 days within which to supplement his response, to address particularly the specific arguments put forward by respondent. No reply will be permitted.

## CONCLUSION

For the reasons stated, respondent's motion to dismiss (DE 187) is HELD IN ABEYANCE. The court ALLOWS respondent twenty-one (21) days to supplement the motion to dismiss, and petitioner 21 days to respond to same. No reply will be permitted. Petitioner's motion for discovery (DE 191), motion to appoint counsel (DE 192), and motion for recusal (DE 201) are DENIED.

SO ORDERED, this the 25th day of July, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge