IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-271-FL-3
5:12-CV-725-FL

| | | |
|---|---|---|
| JOSAND FARMER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 (DE 181), motion for reconsideration (DE 209), motion for discovery

(DE 210), motion for immediate release (DE 212), and motion for a status report (DE 213). Also

before the court is the motion to dismiss (DE 187) filed by respondent the United States of America,

which was fully briefed. Respondent, however, did not respond to petitioner's motions. In this

posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants

respondent's motion to dismiss, denies petitioner's motion for reconsideration and motion for

discovery, and denies as moot petitioner's remaining motions.

**STATEMENT OF THE CASE**

The court here incorporates the below portion of the statement of the case as set forth in its

July 19, 2013, order.

> On August 4, 2010, petitioner was indicted on multiple drug charges.
> On March 24, 2011, a jury found petitioner guilty of one count of
> participating in a conspiracy to distribute and possess with the intent
> to distribute fifty (50) grams or more of cocaine base, one kilogram
> or more of phencyclidine (PCP) and a quantity of 3, 4,

methylenedioxymethamphetamine in violation of 21 U.S.C. § 846 and two counts of distributing cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1).

On September 26, 2011, the court sentenced petitioner to concurrent terms of three hundred sixty (360) months imprisonment as to each count, and consecutive ten (10) year terms of supervised release for each count. The court also ordered petitioner to pay a special assessment of three hundred dollars ($300.00). Petitioner subsequently appealed his conviction, and the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence.

On November 5, 2012, petitioner filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging the following claims: (1) the prosecutor committed fraud and false testimony; (2) trial counsel was ineffective in not detecting the fraud; (3) trial counsel was ineffective in his tactics and advice; and (4) appellate counsel was ineffective in not presenting petitioner's fraud and false testimony claims on appeal.

On December 17, 2012, respondent filed a motion to dismiss arguing that petitioner failed to state a claim upon which relief may be granted.

Petitioner responded to respondent's motion to dismiss. In his response, petitioner raised the following eight new claims: (1) witnesses presented false declarations before the grand jury; (2) Officer Stancil provided false testimony; (3) telephone transcriptions and numbers were falsified; (4) police reports were fabricated; (5) laboratory reports were misread; (6) misleading telephone numbers and records were presented; (7) Stancil and Powers presented false testimony; and (8) the stipulation of certain evidence was unconstitutional. Petitioner subsequently filed a motion for discovery, a motion for immediate release, a motion to appoint counsel, and a motion requesting the recusal of the undersigned.

Petitioner's motion for immediate release was denied on June 4, 2013, and on July 19, 2013, the court entered an order denying petitioner's motions for discovery, to appoint counsel, and for

recusal. The court additionally directed respondent to supplement its motion to dismiss, and held

its motion to dismiss in abeyance.

On July 23, 2013, respondent complied with the court's July 19, 2013, order and submitted

its supplemental response, and petitioner submitted his supplemental response on August 5, 2013.

Petitioner then filed a motion for reconsideration, motion for discovery, motion for immediate

release, and motion for a status report.

## DISCUSSION

A.      Motion for Reconsideration

Petitioner asks the court to reconsider the portion of its July 19, 2013, order which directed

respondent to supplement its motion to dismiss. The court has the authority to direct parties in a

§ 2255 action to "expand the record by submitting additional materials relating to the motion." See

Rule 7(a) of the Rules Governing § 2255 Proceedings. For this reason, petitioner's motion for

reconsideration is DENIED.

B.      Motion for Discovery

The pending motion for discovery is petitioner's second motion to compel, the first of which

the court denied on July 19, 2013. As stated in the court's July 19, 2013, order, "[a] habeas

petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of

ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause,

authorize a party to conduct discovery." Rules Governing § 2255 Cases, Rule 6(a). "A party

requesting discovery must provide reasons for the request." Id., Rule 6(b); see Stephens v. Branker,

570 F.3d 198, 213 (4th Cir. 2009); United States v. Williams, 892 F.2d 75, *3 (4th Cir. Dec. 11,

1989) (finding the district court did not abuse its discretion in refusing to supply the petitioner with

the requested discovery material because he failed to demonstrate a particularized need).  In this case, petitioner still has not established good cause for the discovery materials he requests. Therefore, petitioner's motion is DENIED.

C.      Motion to Dismiss

        1.      Standard of Review

        Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted.  A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses.  Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)).  It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).  Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss.  Id.  For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

        2.      Analysis

        Petitioner, on direct appeal, raised the issues of prosecutorial misconduct, vindictive prosecution, and that trial witnesses provided false testimony.  The Fourth Circuit Court of Appeals rejected these claims.  See United States v. Farmer, 482 F. App'x 805, 806-07 (4th Cir. 2012).  A § 2255 petition cannot be used to re-litigate questions which were raised and considered on direct

4

appeal. <u>United States v. Roane</u>, 378 F.3d 382, 396 n. 7 (4th Cir.2004); <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir.1976) (per curiam). Thus, the court GRANTS respondent's motion to dismiss as to these claims.

To the extent petitioner failed to bring some of the claimed errors to the attention of the trial court or the Fourth Circuit on direct appeal, he has procedurally defaulted such claims. <u>See, e.g.</u>, <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998); <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492–93 (4th Cir.1999). Moreover, petitioner has not plausibly alleged "cause" and "prejudice,[]" which are necessary to excuse procedural default. <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003); <u>Bousley</u>, 523 U.S. at 622; <u>Mikalajunas</u>, 186 F.3d at 493. Finally, petitioner's conclusory allegations of actual innocence are insufficient to excuse his procedural default. <u>See</u> <u>Royal v. Taylor</u>, 188 F.3d 239, 244 (4th Cir. 1999), <u>Singleton v. Ozmint</u>, No. 4:09-753-JFA-TER, 2010 WL 1409439, at *7 (D.S.C. Mar. 31, 2010), <u>appeal dismissed</u>, 447 F. App'x 431 (4th Cir. Mar. 2, 2011).

As for petitioner's ineffective assistance of trial and appellate counsel claims, such claims are conclusory. Petitioner has not plausibly alleged how his attorneys failed to meet the objective standard of reasonableness of representation. <u>See, e.g.</u>, <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88 (1984). For instance, petitioner's contention that his counsel violated his right to confront witnesses pursuant to the Sixth Amendment to the United States Constitution in connection with petitioner's stipulation to the drug amounts set forth in the laboratory reports is meritless. (<u>See</u> Tr., DE 158, pp. 185-187.) Specifically, the record reflects that petitioner knew of and acquiesced to the stipulation because it was read into the record at trial without objection from petitioner. <u>Id.</u> Aside from a bald allegation that the laboratory reports were fabricated, petitioner provides no plausible allegation to support a finding that he was prejudiced by the stipulation or that he was

coerced into signing the stipulation. Nor has petitioner plausibly alleged prejudice as to his remaining ineffective assistance of counsel claims. Id. at 693; see Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009). Thus, petitioner's ineffective assistance of counsel claims are without merit.

The court now determines whether petitioner is entitled to a certificate of appealability. A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are

adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the reasons stated, respondent's motion to dismiss (DE 187) is GRANTED, and petitioner's § 2255 petition (DE 181) is DENIED. Petitioner's motion for reconsideration (DE 209) and motion for discovery (DE 210) are DENIED. Petitioner's motion for immediate release (DE 212) and motion for status report (DE 213) are DENIED as MOOT. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge